UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x
SONNY B. SOUTHERLAND, SR., ET AL,
PLAINTIFFS

versus 99 CV 3329(BMC)

TIMOTHY WOO,

DEFENDANT. U.S. Courthouse
Brooklyn, New York
---------------------------------------x
June 11, 2013

TRANSCRIPT OF CIVIL CAUSE FOR JURY TRIAL

Before THE HONORABLE BRIAN COGAN,

UNITED STATES DISTRICT JUDGE

APPEARANCES

Representing the Plaintiffs: MICHAEL G. O'NEILL, ESQ.
Reptg. Southerland children
30 Vesey Street
New York, New York 10007

KFIRM, LLP
Reptg. Sonny Southerland, Sr.
40 Wall Street
28th Floor
New York, New York 10005
BY: BRIAN KING, ESQ.

APPEARANCES

Representing the Defendant: MICHAEL A. CARDOZO
CORPORATION COUNSEL OF
THE CITY OF NEW YORK
100 Church Street
New York, New York 10007
BY: MARTIN BOWE, ESQ.
ANDREW RAUCHBERG, ESQ.
JANICE SILVERBERG, ESQ.

REPORTED BY:
Lisa Schmid, CCR, RMR
225 Cadman Plaza East
Brooklyn, New York 11201
Phone: 718-613-2644 Fax: 718-613-2379
Proceedings recorded by mechanical stenography. Transcript produced by computer-aided transcription.

(In open court, outside the presence of the jury.)

THE CLERK: All rise.

THE COURT: Good morning.

MR. BOWE: Good morning, Your Honor.

THE COURT: Okay, Mr. Bowe, what's up?

MR. BOWE: We want to make it clear, Your Honor, for the record our objection to facts that Mr. King argued in his summation yesterday that were not in evidence.

Your Honor, at one point, overruled one of my objections and told me that I should stop making objections of that nature. Specifically, the two facts a Mr. King argued that were not in evidence were first, an email that he told the jury about and he mischaracterized, but then that's not really relevant to this discussion -- but told the jury about an email -- well, actually, it is relevant.

One of the reasons the jury isn't argued in summation facts that are in evidence is because the other side hasn't had the opportunity to put in evidence relevant to the facts being argued in summation. So that was one piece that was improperly argued.

The other piece was, Mr. King told the jury in his summation that in the amended petition dated June 27th, Mr. Woo put a different address on the petition, that is Ms. Candy's address at 1257. That fact is not in evidence.

Mr. King questioned his client at length about the

petitions throughout the Family Court proceeding and Mr. Southerland's testimony consisted of, "Yeah, there were a lot of petitions. All I remember is there were a lot of petitions." There was no evidence -- there was no question that was answered by Mr. Southerland establishing a different address on a subsequent petition.

THE COURT: Okay.

MR. BOWE: So we just wanted to clarify for the record that Mr. King argued facts yesterday that are not in evidence.

THE COURT: Mr. King?

MR. KING: Yes, Your Honor.

Mr. Bowe, during his summation, he did state that Mr. Southerland had access to the transcripts. That was a fact that was not in evidence. It was actually --

THE COURT: You're making a motion? So far, it's his motion. What is it about the things he said you said? Were those things in evidence?

MR. KING: Your Honor, if I may finish, I'll just make my record. I would object to Your Honor telling me how to make it. I have something I want to say specifically, and once I'm done, if Your Honor has more questions for me, Your Honor can ask them.

THE COURT: No, it's going to work the other way, Mr. King. First respond to him and then I'll let you add

whatever you want to add.

MR. KING: I'm responding to him. I'm responding to him.

He put the issue into the jury's mind that Mr. Southerland had access to some transcripts and that was a fact not in evidence, and it was appropriate, I believe, to go and correct the record at that time, that no, Mr. Southerland did not have access. And so, Mr. Bowe actually opened the door that he's saying is a problem at this time. He actually put the issue -- he made it an evidentiary issue by arguing there in front of the jury.

THE COURT: Anything further?

MR. KING: All right. With respect to June 27th, there was extensive testimony. Mr. Woo testified that the contents of the petition were true. He testified that he had not made any misstatements in the petition, and so the jury could draw an inference that he was -- the jury could draw an inference that he was not credible in that and that he was lying at that time.

And so there is an evidentiary issue as to what the contents of the petition were and whether they stated where Ms -- I'm sorry -- where Ciara Manning was located. And so this is, again, an issue that obviously was in evidence. It was a fact for the jury to determine as to what's in the petition because the jury never saw the petition, but it is

for the jury to determine whether the petition was, in fact, truthful or not. Thank you, Your Honor.

MR. O'NEILL: May be heard, Your Honor?

MR. BOWE: May I be first, before Mr. O'Neill responds, Your Honor?

THE COURT: Yes.

MR. BOWE: First of all, the argument I made yesterday was based on an Exhibit. I believe it's Mr. Southerland's exhibit. It's a decision by Judge Knipps that I referred to, and I showed the jury a footnote where Judge Knipps couldn't find the trial transcripts. So that argument to the jury came from facts that are in evidence, that is, that the judge who handled the matter found the that the transcripts had gone missing.

I didn't expressly tell the jury that Mr. Southerland had absconded with those transcripts. In fact, a review of the trial testimony shows that Mr. Southerland, on the questions from his lawyer, gave some testimony raising the question of where did the trial transcripts go. He was asked several questions by Mr. King about that.

THE COURT: Okay.

Mr. O'Neill?

MR. O'NEILL: Yes. With respect to the petition, I asked Mr. Woo questions about the petition. I showed it to

him to refresh his recollection. My recollection of the testimony is there he testified that he did swear to the Family Court that Shakima -- that Ciara Manning was residing at the address on Pacific Avenue. I don't recall -- 1257 I, think is what it was.

So I believe that that evidence was established by Mr. Woo as testimony, although the petition itself was not admitted into evidence. He testified, my recollection of the evidence is that --

THE COURT: All right.

MR. O'NEILL: -- he did swear to the Family Court that that's where she resided.

THE COURT: All right.

Mr. King, what evidence was there on the record about the email that you highlighted for the jury?

MR. KING: Your Honor, there was a time during testimony where I made a reference and Mr. Southerland confirmed that we got notice by way of -- we got contacted by some attorneys about the contents of the Family Court record. I know there were at least two questions like that, and Mr. Southerland responded, yes, and he also mentioned 9-11. I recall that specifically, because someone in the back of courtroom started chuckling.

So yes, there was a reference to 9-11. There was a reference to the email, because the email is the only place

where the 9-11 reference appeared.

THE COURT: All right. So there is -- when I check the transcript, I will find the use of the word "email" in the testimony, is that right?

MR. KING: I'm not sure, Your Honor.

MR. BOWE: Your Honor, I checked and I didn't find it.

THE COURT: Well, it's not there. Okay?

Mr. Bowe, when I told you not to make any more of those objections, they were objections where Mr. King had taken a piece of evidence and mischaracterized it. They were not your objections, some of which I sustained or at least I gave the jury an instruction, where Mr. King referred to matters that were not in the record at all.

In addition, any objections you had to Mr. King, while I didn't want you jumping up and down during his argument, there was nothing stopping you from making those objections when he concluded his argument, so that at that point, I could have given an appropriate instruction.

As it is, I think the matter has been adequately covered, because the jury was instructed that what the lawyers say is not evidence, and the only evidence is what is in the record before them. So if they go looking for the email that Mr. King referred to, they will see Mr. King made that up, because it's not in the record.

Is there any other remedial action you think that I can take at this point, after the jury has been deliberating for hours.

MR. BOWE: I just want to say -- this is after a review of the transcript.

THE COURT: I understand, but that's not the way the objections to closing arguments work. You don't always get a transcript. You have the luxury of buying one, but you don't get to read the transcript after the trial or even during jury deliberations and say, "Gee I wish I had made these objections."

MR. BOWE: I understand, Your Honor.

THE COURT: All right? So is there any action you want me to take now?

MR. BOWE: We think it would be appropriate to give a curative instruction that would specifically say that any reference by Mr. King during summation to an email between counsel is not to be considered because it wasn't in evidence, and because the reason lawyers are not permitted to argue facts that are not in evidence is because the other side hasn't had an opportunity during trial to address that allegation.

THE COURT: All right.

Mr. King, why shouldn't I give that instruction, since we now all know that your reference to an email is not

there in the record?

MR. KING: Well, again, Your Honor, the reference was -- was to the records being lost on 9-11. That was something that Mr. Southerland did testify to. The fact that whether it was communicated to him by way of an email or some other way, it would only confuse jury to -- it can only prejudice Mr. Southerland and the children for the jury to hear at some point that there was no reference to 9-11. So no, there shouldn't be a curative instruction.

Secondly, I think the jury has been deliberating now for over several hours.

THE COURT: Mr. King, do you have any position?

MR. O'NEILL: Mr. O'Neill?

THE COURT: I'm sorry. Mr. O'Neill.

MR. O'NEILL: Yes, I do. I think a curative instruction would be prejudicial to the children. It would put undue emphasis on what is truly a collateral issue here, and it's -- whatever their focusing on, they're going to go back in the jury room and now start focusing on, "Why were we called in to talk about this? What are we missing?"

THE COURT: All right.

MR. BOWE: Your Honor, may I just very briefly --

THE COURT: Yes?

MR. BOWE: A review of Mr. Southerland's testimony, the index doesn't show the number 9-11 appearing. Mr. King

just argued that maybe the word "email" isn't there, but Mr. Southerland gave testimony --

THE COURT: There is no question that Mr. King went outside of the record, and I'll deal with that and other things after the trial.

But the fact of the matter is, at this point, I'm going to rely upon the general instruction I gave the jury that they are to disregard anything the lawyers said that is inconsistent with my instructions or that refers to matters outside the record. I told them multiple times, a determination must made be based on what's in the record, that the closing arguments of lawyers are not part of the record.

So to bring them back at this point, I think, is too late, Mr. Bowe. This is something I might have done at the close of Mr. King's argument yesterday, maybe even after the end of my instruction, and even then, I think it would have been too late, but it's certainly too late now, so I'm going to deny your request.

MR. BOWE: And if I may, Your Honor -- I just want to make a record -- I objected to that part of Mr. King's summation. So I just want to make it clear for the record.

THE COURT: The record will be what the record is. All right. Thank you.

MR. KING: Oh, Your Honor. There's another issue. I apologize.

THE COURT: Yes, Mr. King?

MR. KING: I did ask permission. I believe Your Honor did give me permission to go next door. Your Honor said if there is a note, that Your Honor will permit me a reasonable amount of time to get back. If Your Honor could tell me how much time that will be.

THE COURT: Thirty minutes.

MR. KING: Thank you, Your Honor.

THE COURT: Okay.

(Recess.)

(Time noted: 12:40 p. m.)

THE CLERK: All rise.

THE COURT: Be seated, please.

We have a note from the jury that we have marked as Court Exhibit 3, says as follows: "We have reached an impasse. Please define knowingly, intentionally or recklessly."

I'll ask the parties what they believe the proper response to that note should be.

Mr. King?

MR. KING: Your Honor, I think we should define it for them.

THE COURT: What will happen, Mr. King?

MR. KING: We should go to jury instructions that have been given in the Pattern Jury Instructions for the Third

Circuit.

THE COURT: Do you have those instructions?

MR. KING: No, I do not, Your Honor.

THE COURT: Okay.

Mr. O'Neill, how do you think we should respond to the note?

MR. O'NEILL: Well, it's not clear to me from the note whether the impasse relates to the definition or something else. And so one thought is to ask them to clarify what they're at an impasse about. They did ask for these words to be defined. I think we should give them a definition. I don't have one off the top of my head.

THE COURT: Well, they are defined.

MR. O'NEILL: Well, there's some definitions in the jury instructions. Obviously, we could just read back to them, but they have the jury instructions. So you know, if we're going to do that, we should just tell them they're in the instructions.

THE COURT: All right. Let me hear from the defendant.

MR. BOWE: Well, Your Honor, beyond something additional to what's in the instructions in each of -- in each of the three different causes of action, I'm not sure what to tell the jury, unless the Court wants to explain to the jury the difference between negligence and mistake on the one hand

or intentional and reckless on the other hand, but I don't have --

THE COURT: Gentlemen, I have to say words to the jury. So if someone has words that they want me to give, either say them into the record or write them down and hand them to me.

MR. O'NEILL: Understand, Judge, we just heard the note for first time.

THE COURT: I did, too.

MR. O'NEILL: All right. And so it's -- they want a definition of knowing?

THE COURT: "Please define knowingly, intentionally or recklessly."

Look, my inclination, since these terms are in fact defined, is to simply re-read to them the definition. We have already done what they've already asked. And I would read the paragraph that's in the middle of page 15. That says, "To prove a violation of their constitutional rights, plaintiffs do not need to prove that defendant had the specific intent to deprive plaintiffs of their constitutional rights. Plaintiffs need only prove that defendant's acts themselves were knowing and intentional or reckless. An act is intentional if it is done voluntarily or deliberately and not because of mistake, accident, negligence or other reason. An act is reckless if it is done in conscious disregard of its known probable

consequences. In other words, plaintiffs must prove that the defendant participated in the removal of the children knowingly or voluntarily and deliberately or recklessly."

I think that answers their question.

MR. O'NEILL: Yeah. The problem that I see, Judge, is they're confused by the language, and we did object to this language, particularly to the mistake portion -- the mistake -- there's a couple of other parts to it.

I think that we ought to clarify that knowing means that you intend the act, but not necessarily the consequences. And I think that that would be appropriate because that's the law and that might them clear up their misunderstanding.

THE COURT: So you would ask -- you would suggest that I say to them, "Knowing means that you intend the act, but not its consequences"?

MR. O'NEILL: No. The -- intentional is defined as intending the act, but not necessarily the consequences.

THE COURT: Say it again, Mr. O'Neill?

MR. O'NEILL: Sure. Intentional means to intend -- to intend the action, although not necessarily the consequences. It does not require one to intend the consequences of the act.

THE COURT: Okay. But they have asked for knowingly and intentionally or recklessly.

MR. O'NEILL: I think knowing is the same as

intentional. I don't think there's much -- much distinction there.

THE COURT: Okay. And what about recklessly?

MR. O'NEILL: Recklessly, I'm satisfied with the definition in the charge. It is without regard to the probable consequences or whatever the language was in the charge. I'm just paraphrasing.

THE COURT: All right. Anyone object to that?

MR. BOWE: I do, Your Honor.

THE COURT: Okay. What language would you like?

MR. BOWE: Well, I think that the -- I'm not sure we need more language, Your Honor. I think on page 15 in the paragraph that Your Honor read -- I agree with Mr. O'Neill that the jury is confused, but I think reiterating or maybe even just pointing the jury to the third and fourth sentences of that paragraph would be appropriate.

I think to put to the jury the instruction that Mr. O'Neill has suggested takes the wind out of the language "And not" -- this is on the fourth line of that paragraph -- "And not because of mistake, accident, negligence or other reason."

THE COURT: Right.

MR. BOWE: And also detracts from on the next line, "Conscious disregard of its known probable consequences."

THE COURT: Mr. O'Neill, I view your language as

essentially reasserting the objection that you raised previously, and trying to get back to that language, and I appreciate that, but I have ruled that this is the language they're going with, so I'm going to stick with that language.

MR. O'NEILL: Understood, Your Honor. I just think it's impossible under the facts of this case for the removal to have happened accidently, and that's by mistake or anything of that nature.

THE COURT: Well, remember, that this definition, we don't know they're talking about the removal. This definition applies equally to the application for the Order of Entry.

MR. O'NEILL: Understood.

THE COURT: And that's where it's located in the instructions, and we don't know which one they are dealing with. So I think in order to give them the complete definition, we'll give them what we already have.

MR. KING: Your Honor, may I be heard?

MR. O'NEILL: I suggest that we clear up the reason what the impasse is over --

THE COURT: I will hear you.

MR. O'NEILL: -- if it's over this definition.

THE COURT: I'm reluctant to get into a dialogue back and forth with the jury because there comes a point very quickly where the jury loses its one voice and what you end up hearing are particular members of the jury who have a concern,

and they have to work that out between themselves. So I don't want to get into that kind of back and forth. I will tell them that if they have more questions, they should feel free to contact us with another note.

MR. KING: Okay. So Your Honor, this is Brian King on record.

THE COURT: Mr. King, the reporter knows who you are.

MR. KING: I apologize.

THE COURT: We're on the record, so you can just start with your point.

MR. KING: I apologize, Your Honor. I've seen the transcript where statements that I've made were attributed to others and vice-versa, so I wanted to clarify that.

So Your Honor, this is an area question that is under the area doctrine. The question of what's knowingly in New York or intentionally or recklessly, that's a matter of substantive New York law, therefore, the law of New York is applicable.

I did suggest the Third Circuit Pattern because New York -- that is, the Second Circuit does not have pattern. But I was able to go on the internet and pull up a definition from a New York statute of intentionally, also knowingly and recklessly, and I would suggest that we would put those definitions in, starting with intentionally.

"A person acts intentionally with respect to a result or to conduct when his conscious objective is to cause such result or to engage in such conduct."

With respect to knowingly, "A person acts knowingly with respect to conduct or to a circumstance when he is aware that his conduct is of such nature or that such circumstance exists.

Recklessly, "A person acts recklessly with respect to a result or to a circumstance when he is aware of and consciously disregards a substantial and unjustifiable risk, that such result will occur or that such circumstances exist."

So that's -- those are the definitions I have found under New York law for those three terms.

THE COURT: All right. Anyone have an objection to those?

Mr. O'Neill?

MR. O'NEILL: Well, yes, Your Honor --

THE COURT: I know.

MR. O'NEILL: -- federal law, not state law applies here.

THE COURT: Okay. Do you need to be heard?

MR. O'NEILL: No.

THE COURT: All right. I'm going review with them the language that has been previously given to them and invite them to approach us with other questions if they require

greater clarity.

Now, as far as the note that, "We have reached an impasse," I'm interpreting that in light of the request for a definition as impasse over the definition. I'm sure they will tell us if they mean something broader than that.

All right. Let's have the jury, please.

(Jury enters.)

THE COURT: Be seated, please.

Good afternoon, ladies and gentlemen.

JURORS: Good afternoon.

THE COURT: We have your note that says, "We have reached an impasse. Please define knowingly and intentionally or recklessly."

The best I can do for you on that is to refer you to the instructions that I previously gave -- and I know you have a set of them -- and the definitions of the terms that you've requested are set forth on page 15 of those instructions. Let me re-read those particular terms for you now.

"To prove a violation of their constitutional rights, plaintiffs do not need to prove that defendant had the specific intent to deprive plaintiffs of their constitutional rights. Plaintiffs need only prove that defendant's acts themselves were knowing and intentional or reckless. An act is intentional if it's done voluntarily or deliberately and not because of mistake, accident, negligence or other innocent

reason. An act is reckless if it is done in conscious disregard of its known probable consequences. In other words, plaintiffs must prove that defendant participated in the removal of the children knowingly or voluntarily and deliberately or recklessly."

That's the best answer I can give you, ladies and gentlemen. If you have other questions that you need, don't hesitate to send us other notes and we'll do our best to answer them for you. I'll ask you to continue with your deliberations, please.

(Jury exits.)

(Recess.)

(Time noted: 2:03 p.m.

THE CLERK: All rise.

THE COURT: Be seated, please.

We have a note which we have marked Court Exhibit 4. It asks two questions. Question one, "Is Mr. Woo and ACS a party to this lawsuit?" And then question two, "Can we have Ms. Durant's testimony read back to us?"

Now, as to question one, I would propose answering it by saying that only Mr. Woo is a party to this lawsuit, not ACS. Any objection?

MR. O'NEILL: ACS is not a sueable entity.

THE COURT: I don't think I'm supposed to tell the

jury about the other amendments to the Constitution are why ACS is not a party. I think I'm just supposed to answer their question: ACS is not a party.

MR. O'NEILL: I suspect the answer, so--

MR. BOWE: Your Honor, I think it may be appropriate to tell the jury that Mr. Woo is the only defendant, and neither ACS nor the City of New York are defendants.

THE COURT: No, I'm not going to tell them that. They didn't ask about the City of New York. They asked, "Is Mr. Woo and ACS a party?" I'm going to tell them, "Mr. Woo, yes; ACS, no."

All right. As far as having Ms. Durant's testimony read back. Okay. It's about 30 pages long. I'm going to prevail on the court reporter to do that. There are no sidebars or colloquies or even sustained objections within that testimony. So I think the reporter can just go through it and read it. Any other view?

MR. O'NEILL: I mean, the other thing that I can think of, Judge, is to ask if they want the direct or all of it or some portion of it.

THE COURT: They said the testimony, and I instructed them when I gave them the instructions, tell us if you want the direct or the cross or what part you want. This is as specific as they have chosen to be. So I think we should give them what they've asked for and read the testimony

back.

All right. Let's have the jury, please.

(Pause in proceedings.)

THE COURT: All right. We have another note from the jury, which we've marked as Court Exhibit 5, that says, "Judge, two of the jurors have plane tickets to leave Thursday a.m. What can we do?"

(Jury enters.)

THE COURT: All right. Be seated, please.

All right. Ladies and gentlemen, we have the two notes from you. The first one, you asked the question, "Is Mr. Woo and ACS a party to this lawsuit?"

The answer to that question is only Mr. Woo is a party to this lawsuit. He is a defendant. ACS is not a party to this lawsuit.

As to having Ms. Durant's testimony read back to you, yes, we can do that and we will proceed to have that done now.

(Ms. Durant's testimony was read in open court.)

THE COURT: All right. Ladies and gentlemen, that completes the reading that you requested.

As to the second note that you gave us, I will think about that for now. I will just urge you to continue with your deliberations. Thank you very much.

(Jury exits.)

THE COURT: Be seated, please.

So what response, if any, do the parties think I ought to give the jurors to Exhibit Number 5, Court Exhibit 5, that says two of them have plane tickets to leave Thursday morning?

Mr. O'Neill, you want to go first this time?

MR. O'NEILL: Well, it seems to be more of a statement than a question.

THE COURT: Well, it ends by saying, "What can we do?"

MR. O'NEILL: Understood. I -- the Court could explain to them that before Thursday, you will have given them an instruction concerning a deadlock, and if they don't reach a verdict by Thursday, if they think that further deliberations will bear fruit, then they have to continue.

I think we need -- do we need five or six? I don't recall off the top of my head.

THE COURT: We need six.

MR. O'NEILL: We need six?

THE COURT: You can all agree to five.

MR. O'NEILL: Too early to make an agreement now.

THE COURT: I'm not asking for an agreement now. I think -- my inclination and I'll hear from everyone else -- but my inclination is to not say anything more to them right now than I just said to them, which is to keep going.

If we're still at this point tomorrow afternoon, then maybe they will have told us they're deadlocked and we can address that. Maybe we won't be at this point tomorrow afternoon and it will be moot if they've reached a verdict. Maybe the parties will discuss it among themselves and decide that they can go with five jurors. Maybe if they haven't reached a decision in the case in two and-a-half days, it might be appropriate to declare a mistrial at that point.

I don't know that I would be inclined, after two and-a-half days of deliberations, to tell two jurors who have plane tickets that they can't go. You know, the lawyers made certain statements to Judge Bloom as to how long the case would take. The jurors were cleared for that period, and they've served that -- they will have served that period, certainly by close of business tomorrow.

MR. O'NEILL: (Nods head affirmatively.)

THE COURT: Anyone else want to make a comment on it?

(No response.)

THE COURT: Anyone urging me to tell the jury something right now about that?

MR. BOWE: The only suggestion I would make, Your Honor, is -- if it seems appropriate to the Court -- to ask them to set aside any worry they have about this issue and just to -- that you have considered the question and you're

not going to address it specifically, but that you have asked them to set aside any concern they have about travel for Thursday, and just continue.

THE COURT: Sounds fine. I don't have to do that now. I can do that at the end of the day.

I mean, I think, Mr. O'Neill, the problem I have with your suggestion is if I tell them, you've just got to keep going and you're going miss to miss that flight, we may force a verdict that is not thoroughly considered.

MR. O'NEILL: I didn't think that was my suggestion, Your Honor. I don't think I said that, but if I did, I didn't mean that --

THE COURT: Okay.

MR. O'NEILL: -- necessarily.

THE COURT: I implied from what you said that you wanted me to tell them that you're going to keep going Thursday, regardless of any other plans you have.

MR. O'NEILL: No, no. I think that I was calculating about the number of jurors we needed, and trying to think -- but I think if -- I mean, usually, I mean, a mistrial is after a jury has told you that further deliberations won't work and they're not saying that to us. They're just saying we may need some more time.

THE COURT: Right.

MR. O'NEILL: But I don't intend to ruin anybody's

flight plans.

THE COURT: Well, you may have to make a choice about that. We all may tomorrow afternoon.

MR. O'NEILL: I don't suppose we get to know which jurors?

THE COURT: You know, I think that would guarantee a non-resolution of this situation. So no, I don't want to know. If I did know -- which I don't -- I don't think you all should know.

MR. O'NEILL: It's kind of like Russian roulette otherwise.

THE COURT: Right. Right. That's what it is. That's part selecting a jury.

All right. Well, we'll leave it as it is for now and at the end of the day, I'll tell them they should continue their deliberation and attempt to reach a verdict and I've noted their concern, and they should just work on reaching a verdict, and we'll see where that goes.

MR. O'NEILL: Your Honor, that sounds like, get your verdict before the flight.

THE COURT: Well, I didn't mean it to. I guess you misunderstood me just like I misunderstood you.

MR. O'NEILL: I have no problem if you tell them we won't make anyone miss a flight, just -- and if you have haven't reached a verdict by that time, we'll deal with it.

It's not your problem.

THE COURT: Well, if we're going to do that, Mr. O'Neill, I think we need to plan for how we're going to deal with it.

MR. O'NEILL: I think a mistrial is how to deal with it.

THE COURT: I'd like the parties to discuss it amongst themselves. It's obviously not an immediate issue, and see if you can come to an agreement as to how we proceed if we don't have a verdict by tomorrow night.

As I said, the options are to go with five jurors or to declare a mistrial or to strongarm the jurors and saying, "We're ruining your vacations."

MR. O'NEILL: That's the same.

THE COURT: Plaintiffs in particular might not want to do that, but I can see why a defendant may not want to do that, either.

So those are the options. You'll talk about them and hopefully, it's a bridge we won't have to cross.

MR. O'NEILL: Thank you.

THE COURT: All right. Thank you.

(Recess.)

(Time noted, 5:05 p.m.)

THE CLERK: All rise.

THE COURT: All right. Be seated, please.

We have a note from the jury, which we have marked as Court Exhibit 6, which says, "We cannot come to a unanimous" -- it says discussion. I'm sure it means decision -- "on any of the questions on the verdict form, first page.

My proposal, subject to hearing from the parties, is to give them a modified *Allen* charge, which would provide as follows: "Ladies and gentlemen of the jury, as you know, this case is important to the parties involved. Plaintiffs, defendant and the Court have expended a great deal of time, effort and resources in seeking a resolution of this dispute. It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror. While you may have honest differences of opinion with your fellow jurors during deliberations, each of you should seriously consider the arguments and opinions of the other jurors. Do not hesitate to change your opinion, if after discussion of the issues and consideration of the facts and the evidence in this case, you are persuaded that your initial position is incorrect; however, I emphasize that no juror should vote for a verdict unless it represents his conscientious judgment."

Any objection to that modified *Allen* charge?

MR. O'NEILL: No, Your Honor.

THE COURT: Any alternative at this point? Anyone

think of anything else we can do?

MR. O'NEILL: They have been deliberating for over eight hours, Your Honor. They say they can't reach -- I assume, first page, they have all three liability questions.

THE COURT: Right.

MR. O'NEILL: I think it's deadlocked.

THE COURT: Well, we've got another day tomorrow. We're going use it. You've all put enough into this case to warrant using it. I'm going to send them home now and let them just breathe and recover, but I'll send them home with this charge, so they can think about that overnight. And we'll see if that does anything. If they're in the same position sometime tomorrow, then I will see you all again.

MR. O'NEILL: I would ask Your Honor, in light of the communication, that they not have the impression that you're going to cause anyone to cancel an airplane trip, because I think that would put undue pressure --

THE COURT: It's a double-edged sword. I certainly don't want them to have that impression. On the other hand, if I relieve them of the pressure and I say, "Don't worry. We won't go into Thursday," then I think we're guaranteeing no verdict can be reached. It seems highly unlikely that they'll reach -- and they go, "All we've got to do is get to five and then we're out tomorrow."

MR. O'NEILL: Well, but, Your Honor, if they can't

reach a verdict, if they're willing to sit here for one more day, to me, that indicates that they are committed to a position, and if you have to threaten to ruin somebody's vacation to override that, then I think that's undue pressure and is unfair to whichever party it is that would be disadvantaged.

THE COURT: That sounds right to me. Does anybody disagree with that?

MR. KING: I disagree, Your Honor. I think they only got it -- they got the thing yesterday, and for them to say within one day that they're deadlocked, for us to assume they are because they don't yet agree, I don't think we have given them enough chance. I don't even think that Thursday morning or tomorrow evening will be enough time. I think they need to keep going through.

Certainly, this case has been going on a long time. They knew they weren't going to get the charge -- they weren't going to get the case until either Thursday or Friday. They got it on Monday instead. And so, I don't think we've reneged on anything. I don't think the Court's reneged on anything. Let's stick around and see it through, even if it means missing whatever it is that they're going to miss on Thursday.

THE COURT: All right. I reject that decision.

All right. Let's have the jury. I'll give them this charge and I'll send them home and I'll give them some

assurance that they will not miss their planes.

MR. BOWE: Your Honor, could I just quickly raise one question? Are we sure we don't want to ask them if knowing that they're coming back tomorrow, they would like to stay a few hours tonight to continue deliberating?

THE COURT: No. I think when I get this note, they're pretty frozen and I think they should take a break and come back fresh.

And you know, how much time would we be talking about tonight? It's after five o'clock. In fact, I was surprised that they went to 6:15 yesterday. To squeeze another hour out them when they're obviously frustrated with the process I think would not be productive. If they were close, if it was the other way, I'd say let them stay, but not in this condition.

I will want to see the parties at ten o'clock tomorrow. There's one other idea I have which I don't want to articulate until I think about whether it has any merit, but let's meet at ten, so that we can discuss it.

MR. O'NEILL: So we don't need to arrive before ten?

THE COURT: No.

(Jury Enters.)

THE COURT: All right. Be seated, please.

Ladies and gentlemen, we have your note that you're having problems coming to a unanimous decision. Now, let me

say a couple of things.

First thing, I'm going to send you home now, but I am going to have you come back tomorrow to keep trying. I want to assure you, nobody's going to miss their flight on Thursday. That's not going to happen.

But let me tell you, when you come back tomorrow, please understand that, you know, this case is important to the parties here. The plaintiffs, the defendants and I have put in a great deal of time, effort and resources in seeking to get this dispute resolved. It's desirable if a verdict can be reached that you do it, but your verdict, as I told you before, has to represent the conscientious judgment of each juror.

While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you has to seriously consider the arguments and opinions of the other jurors. Don't hesitate to change your opinion, if after discussing the issues and considering the facts and circumstances and the evidence in the case, you're persuaded that your initial position is incorrect. But like I told you, I understand, and it is a fact that no juror should vote for any verdict until it represents that juror's conscientious judgment.

So we're going to ask you to keep trying because it is quite important that we get this case resolved, and we'll

have you back here at 9:30 tomorrow. We'll give you a breather now to try again throughout the day tomorrow.

I will give you, as I've told you throughout, please no discussion with anybody. You may be really tempted to talk to a third party about the case because you have only been talking to each other. You can't do that. It could taint your verdict. Please, no communications with anyone over social media or otherwise. Stay away from the newspapers that might ever anything about this. And come back refreshed, and really ready to give it your best try to go ahead and resolve these issues.

So have a good and restful evening. We'll see you tomorrow morning as 9:30. Again, do not start deliberating until all of you are together in the jury room, and please do and give it your best. Have a good evening. See you tomorrow morning.

(Jury exits.)

THE COURT: All right. Let's make it at 10:30 tomorrow morning. I've got a sentencing at ten, so I'll finish that. Have a good night.

(Trial adjourned to June 12, 2013, at 9:30 P. m.)

Court Exhibit 3 886
Court Exhibit 4 895
Court Exhibit 5 897
Couirt Exhibit 6 903

**-**

------------------------------------x [2] 874/2 874/7

**1**

100 [1] 875/4
10005 [1] 874/21
10007 [2] 874/17 875/5
10:30 [1] 907/18
11 [7] 874/7 880/21 880/24 881/1 883/3 883/8 883/25
11201 [1] 875/23
12 [1] 907/21
1257 [2] 876/24 880/4
12:40 [1] 885/11
15 [3] 887/17 889/12 893/17

**2**

2013 [2] 874/7 907/21
225 [1] 875/23
2379 [1] 875/24
2644 [1] 875/24
27th [2] 876/22 878/13
28th [1] 874/20
2:03 p.m [1] 894/14

**3**

30 [2] 874/17 895/13
3329 [1] 874/4

**4**

40 [1] 874/20

**5**

5:05 p.m [1] 901/24

**6**

6:15 [1] 905/11

**7**

718-613-2379 [1] 875/24
718-613-2644 [1] 875/24

**9**

9-11 [6] 880/21 880/24 881/1 883/3 883/8 883/25
99 [1] 874/4
9:30 [3] 907/1 907/13 907/21

**A**

a.m [1] 896/7
able [1] 891/22
about [27] 876/13 876/14 876/25 877/17 879/21 879/25 880/15 880/19 883/20 886/10 889/3 890/10 895/1 895/9 895/13 896/23 898/21 898/24 899/2 899/19 900/3 901/18 903/11 905/10 905/18 907/5 907/9
absconded [1] 879/16
access [3] 877/14 878/5 878/8
accident [3] 887/24 889/20 893/25
accidently [1] 890/7
ACS [10] 894/18 894/23 894/24 895/2 895/3 895/7 895/10 895/11 896/12 896/14
act [8] 887/22 887/24 888/10 888/14 888/17 888/22 893/23 894/1
action [4] 882/1 882/13 886/23 888/20
acts [5] 887/21 892/1 892/4 892/8 893/22
actually [4] 876/15 877/15 878/8 878/9
add [2] 877/25 878/1
addition [1] 881/15
additional [1] 886/22
address [7] 876/23 876/24 877/6 880/4 882/21 898/3 899/1
adequately [1] 881/20
adjourned [1] 907/21
admitted [1] 880/8
affirmatively [1] 898/16
after [10] 882/2 882/4 882/9 884/5 884/15 898/9 899/21 902/17 905/10 906/17
afternoon [5] 893/9 893/10 898/1 898/4 900/3
again [6] 878/23 883/2 888/18 903/13 907/2 907/13
agree [3] 889/13 897/20 904/12
agreement [3] 897/21 897/22 901/9
ahead [1] 907/10
aided [1] 875/25
airplane [1] 903/16
AL [1] 874/2
all [44]
allegation [1] 882/22
Allen [2] 902/7 902/23
already [3] 887/16 887/16 890/16
also [3] 880/21 889/23 891/23
alternative [1] 902/25
although [2] 880/7 888/20
always [1] 882/7
am [1] 906/3
amended [1] 876/22
amendments [1] 895/1
among [1] 898/5
amongst [1] 901/8
amount [1] 885/5
and-a-half [2] 898/7 898/10
ANDREW [1] 875/6
another [5] 884/24 891/4 896/4 903/7 905/12
answer [5] 894/6 894/9 895/2 895/4 896/13
answered [1] 877/5
answering [1] 894/21
answers [1] 888/4
any [18] 878/16 881/9 881/15 882/1 882/13 882/16 883/12 894/23 895/17 897/2 898/24 899/2 899/17 902/5 902/23 902/25 905/18 906/22
anybody [2] 904/7 907/4
anybody's [1] 899/25
anyone [8] 889/8 892/14 898/17 898/20 900/24 902/25 903/16 907/7
anything [9] 878/12 884/8 890/7 897/24 903/1 903/12 904/20 904/20 907/9
apologize [3] 884/25 891/9 891/12
APPEARANCES [2] 874/14 875/1
appeared [1] 881/1
appearing [1] 883/25
applicable [1] 891/19
application [1] 890/11
applies [2] 890/11 892/19
appreciate [1] 890/3
approach [1] 892/25
appropriate [8] 878/6 881/19 882/15 888/11 889/16 895/5 898/8 898/23
are [25] 876/17 877/9 879/12 882/19 882/20 883/20 884/8 884/12 886/13 887/14 890/14 890/25 891/8 892/12 893/17 895/1 895/7 895/14 901/11 901/18 902/19 904/2 904/12 905/3 907/14
area [2] 891/15 891/16
argue [1] 882/19
argued [7] 876/7 876/11 876/16 876/19 876/20 877/9 884/1
arguing [1] 878/10
argument [5] 879/7 879/12 881/17 881/18 884/15
arguments [4] 882/7 884/12 902/16 906/16
around [1] 904/21
arrive [1] 905/20
articulate [1] 905/18
as [30] 878/20 878/24 880/7 881/20 885/14 885/15 888/16 888/25 889/25 893/2 893/2 893/4 894/21 895/12 895/12 895/24 895/24 896/5 896/16 896/22 898/12 900/14 901/9 901/11 902/3 902/7 902/8 906/11 907/3 907/13
aside [2] 898/24 899/2
ask [13] 877/23 885/2 885/18 886/9 886/10 888/13 894/9 895/9 895/19 898/23 903/14 905/3 906/24
asked [8] 879/20 879/25 887/16 888/23 895/9 895/25 896/11 899/1
asking [1] 897/22
asks [1] 894/18
assume [2] 903/4 904/11
assurance [1] 905/1
assure [1] 906/4
attempt [1] 900/16
attorneys [1] 880/19
attributed [1] 891/13
Avenue [1] 880/4
aware [2] 892/5 892/9
away [1] 907/8

**B**

back [18] 880/22 883/19 884/13 885/5 886/15 890/2 890/23 891/2 894/20 895/13 896/1 896/16 905/4 905/8 906/3 906/6 907/1 907/9
based [2] 879/8 884/11
be [37]
bear [1] 897/15
because [19] 876/17 878/25 880/22 880/25 881/21 881/25 882/18 882/19 882/20 887/23 888/11 889/20 890/23 891/20 893/25 903/17 904/12 906/24 907/5
been [9] 881/20 882/2 883/10 884/17 885/25 892/24 903/2 904/16 907/5
before [7] 874/11 879/4 881/23 897/12 900/20 905/20 906/12
being [2] 876/19 883/3
believe [5] 878/6 879/8 880/6 885/2 885/18
best [5] 893/14 894/6 894/8 907/10 907/15
between [3] 882/17 886/25 891/1
beyond [1] 886/21
Bloom [1] 898/12
BMC [1] 874/4
BOWE [6] 875/5 876/5 877/13 878/8 881/9 884/14
break [1] 905/7
breathe [1] 903/10
breather [1] 907/2
BRIAN [3] 874/11 874/21 891/5
bridge [1] 901/19
briefly [1] 883/22
bring [1] 884/13
broader [1] 893/5
Brooklyn [2] 874/6 875/23
business [1] 898/15
buying [1] 882/8

**C**

Cadman [1] 875/23
calculating [1] 899/19
called [1] 883/20
came [1] 879/12
can [24] 877/23 882/2 883/6 891/10 893/14 894/6 894/19 895/16 895/18 896/7 896/17 897/9 897/20 898/3 898/6 899/5 901/9 901/16 902/12 903/1 903/11 903/22 905/19 906/10
can't [4] 898/11 903/3 903/25 907/6

## C

cancel [1] 903/16
Candy's [1] 876/24
cannot [1] 902/3
CARDOZO [1] 875/3
case [12] 890/6 898/7 898/12 902/9 902/19 903/8 904/16 904/18 906/7 906/19 906/25 907/5
cause [3] 874/10 892/2 903/16
causes [1] 886/23
CCR [1] 875/22
certain [1] 898/12
certainly [4] 884/17 898/15 903/18 904/16
chance [1] 904/13
change [2] 902/17 906/17
charge [7] 889/5 889/7 902/7 902/23 903/11 904/17 904/25
check [1] 881/2
checked [1] 881/6
children [5] 874/16 883/7 883/16 888/2 894/4
choice [1] 900/2
chosen [1] 895/24
chuckling [1] 880/23
Church [1] 875/4
Ciara [2] 878/22 880/3
Circuit [3] 886/1 891/20 891/21
circumstance [3] 892/5 892/6 892/9
circumstances [2] 892/11 906/19
CITY [3] 875/4 895/7 895/9
CIVIL [1] 874/10
clarify [4] 877/8 886/9 888/9 891/14
clarity [1] 893/1
clear [5] 876/6 884/21 886/7 888/12 890/18
cleared [1] 898/13
client [1] 876/25
close [3] 884/15 898/15 905/14
closing [2] 882/7 884/12
COGAN [1] 874/11
collateral [1] 883/17
colloquies [1] 895/15
come [6] 901/9 902/3 905/8 906/3 906/6 907/9
comes [1] 890/23
coming [2] 905/4 905/25
comment [1] 898/17
committed [1] 904/2
communicated [1] 883/5
communication [1] 903/15
communications [1] 907/7
complete [1] 890/15
completes [1] 896/21
computer [1] 875/25
computer-aided [1] 875/25
concern [3] 890/25 899/2 900/17
concerning [1] 897/13
concluded [1] 881/18
condition [1] 905/15
conduct [4] 892/2 892/3 892/5 892/6
confirmed [1] 880/18
confuse [1] 883/6
confused [2] 888/6 889/14
conscientious [4] 902/13 902/22 906/12 906/22
conscious [4] 887/25 889/24 892/2 894/1
consciously [1] 892/10
consequences [9] 888/1 888/10 888/15 888/17 888/21 888/22 889/6 889/24 894/2
consider [2] 902/16 906/16
consideration [1] 902/18
considered [3] 882/18 898/25 899/9
considering [1] 906/18
consisted [1] 877/2
Constitution [1] 895/1
constitutional [4] 887/18 887/20 893/19 893/21
contact [1] 891/4
contacted [1] 880/18
contents [3] 878/15 878/21 880/19
continue [6] 894/9 896/23 897/15 899/3 900/15 905/5
CORPORATION [1] 875/3
correct [1] 878/7
could [8] 878/17 878/17 881/19 885/5 886/15 897/11 905/2 907/6
couldn't [1] 879/11
counsel [2] 875/3 882/18
couple [2] 888/8 906/1
court [17] 874/1 876/1 877/1 880/3 880/11 880/19 885/15 886/24 894/17 895/14 896/5 896/19 897/3 897/11 898/23 902/3 902/10
Court's [1] 904/20
Courthouse [1] 874/6
courtroom [1] 880/23
covered [1] 881/21
credible [1] 878/18
cross [2] 895/23 901/19
curative [3] 882/16 883/9 883/15
CV [1] 874/4

## D

dated [1] 876/22
day [6] 899/5 900/15 903/7 904/2 904/11 907/2
days [2] 898/7 898/10
deadlock [1] 897/13
deadlocked [3] 898/2 903/6 904/11
deal [6] 884/4 900/25 901/4 901/5 902/10 906/9
dealing [1] 890/14
decide [1] 898/5
decision [5] 879/9 898/7 902/4 904/23 905/25
declare [2] 898/8 901/12
defendant [11] 874/6 875/3 886/20 887/19 888/2 893/20 894/3 895/6 896/14 901/16 902/10
defendant's [2] 887/21 893/22
defendants [2] 895/7 906/8
define [4] 885/16 885/21 887/12 893/12
defined [4] 886/11 886/13 887/15 888/16
definition [12] 886/8 886/12 887/11 887/15 889/5 890/9 890/10 890/16 890/21 891/22 893/4 893/4
definitions [4] 886/14 891/25 892/12 893/16
deliberately [4] 887/23 888/3 893/24 894/5
deliberating [5] 882/2 883/10 903/2 905/5 907/13
deliberation [1] 900/16
deliberations [8] 882/10 894/10 896/24 897/15 898/10 899/22 902/15 906/15
deny [1] 884/18
deprive [2] 887/20 893/21
desirable [2] 902/12 906/10
determination [1] 884/11
determine [2] 878/24 879/1
detracts [1] 889/23
dialogue [1] 890/22
did [14] 877/13 878/8 879/19 880/2 880/11 883/4 885/2 885/3 886/10 887/9 888/6 891/20 899/11 900/8
didn't [7] 879/15 881/6 881/16 895/9 899/10 899/11 900/21
difference [1] 886/25
differences [2] 902/14 906/14
different [3] 876/23 877/5 886/23
direct [2] 895/19 895/23
disadvantaged [1] 904/6
disagree [2] 904/8 904/9
discuss [3] 898/5 901/7 905/19
discussing [1] 906/18
discussion [4] 876/14 902/4 902/18 907/4
dispute [2] 902/11 906/10
disregard [4] 884/8 887/25 889/24 894/2
disregards [1] 892/10
distinction [1] 889/1
DISTRICT [3] 874/1 874/1 874/12
do [30] 883/12 883/15 886/2 886/3 886/5 886/17 887/19 889/9 892/21 893/14 893/20 894/8 895/14 896/7 896/17 897/2 897/10 897/16 899/4 899/5 901/2 901/16 901/16 902/17 903/1 903/23 906/11 907/6 907/13 907/14
doctrine [1] 891/16
does [4] 888/21 891/21 903/12 904/7
doesn't [1] 883/25
don't [33] 880/4 882/7 882/8 886/12 887/1 889/1 890/10 890/14 891/1 894/7 894/25 897/13 897/16 898/9 899/4 899/11 899/25 900/4 900/7 900/8 900/8 901/10 903/19 903/20 904/12 904/12 904/13 904/19 904/20 905/3 905/17 905/20 906/17
done [8] 877/22 884/14 887/16 887/23 887/25 893/24 894/1 896/17
door [2] 878/9 885/3
double [1] 903/18
double-edged [1] 903/18
down [2] 881/16 887/5
draw [2] 878/17 878/17
Durant's [4] 894/20 895/12 896/16 896/19
during [8] 877/13 880/16 881/16 882/9 882/17 882/21 902/15 906/15

## E

each [7] 886/22 886/22 902/13 902/15 906/12 906/15 907/6
early [1] 897/21
East [1] 875/23
EASTERN [1] 874/1
edged [1] 903/18
effort [2] 902/11 906/9
eight [1] 903/3
either [3] 887/5 901/17 904/18
else [4] 886/9 897/23 898/17 903/1
email [11] 876/12 876/15 880/15 880/25 880/25 881/3 881/23 882/17 882/25 883/5 884/1
emphasis [1] 883/17
emphasize [1] 902/20
end [4] 884/16 890/24 899/5 900/15
ends [1] 897/9
engage [1] 892/3
enough [3] 903/8 904/13 904/14
enters [3] 893/7 896/8 905/22
entity [1] 894/24
Entry [1] 890/11
equally [1] 890/11
ESQ [5] 874/16 874/21 875/5 875/6 875/6
essentially [1] 890/1
established [1] 880/6
establishing [1] 877/5
ET [1] 874/2
even [7] 882/9 884/15 884/16 889/15 895/15 904/13 904/21
evening [3] 904/14 907/12 907/15
ever [1] 907/9
everyone [1] 897/23
evidence [23] 876/8 876/12 876/17 876/18

**E**

evidence... [19] 876/24 877/4 877/10 877/15 877/18 878/6 878/23 879/12 880/6 880/8 880/9 880/14 881/11 881/22 881/22 882/18 882/20 902/19 906/19
evidentiary [2] 878/10 878/20
exhibit [8] 879/8 879/9 885/15 894/17 896/5 897/3 897/3 902/3
exist [1] 892/11
exists [1] 892/7
exits [3] 894/11 896/25 907/17
expended [1] 902/10
explain [2] 886/24 897/12
expressly [1] 879/15
extensive [1] 878/14

**F**

fact [11] 876/24 877/15 878/6 878/24 879/1 879/17 883/4 884/6 887/14 905/10 906/21
facts [10] 876/7 876/11 876/17 876/19 877/9 879/12 882/20 890/6 902/18 906/18
Family [4] 877/1 880/3 880/11 880/19
far [3] 877/16 893/2 895/12
Fax [1] 875/24
federal [1] 892/19
feel [1] 891/3
fellow [2] 902/15 906/15
few [1] 905/5
find [3] 879/11 881/3 881/6
fine [1] 899/4
finish [2] 877/19 907/20
first [10] 876/12 877/25 879/4 879/7 887/8 896/11 897/6 902/5 903/4 906/2
five [6] 897/16 897/20 898/6 901/11 903/23 905/10
flight [5] 899/8 900/1 900/20 900/24 906/4
Floor [1] 874/20
focusing [2] 883/18 883/19
follows [2] 885/15 902/8
footnote [1] 879/10
force [1] 899/9
form [1] 902/5
forth [3] 890/23 891/2 893/17
found [2] 879/13 892/12
fourth [2] 889/15 889/19
free [1] 891/3
fresh [1] 905/8
Friday [1] 904/18
front [1] 878/11
frozen [1] 905/7
fruit [1] 897/15
frustrated [1] 905/12
further [3] 878/12 897/14 899/21

**G**

gave [7] 879/18 881/13 884/2 884/7 893/15 895/22 896/22
Gee [1] 882/10
general [1] 884/7
gentlemen [7] 887/3 893/9 894/7 896/10 896/20 902/8 905/24
get [14] 882/7 882/9 885/5 890/2 890/22 891/2 900/4 900/19 903/23 904/17 904/18 905/6 906/10 906/25
give [17] 882/15 882/24 885/3 886/11 887/4 890/15 890/16 894/6 895/25 897/3 902/7 904/24 904/25 907/1 907/3 907/10 907/15
given [5] 881/19 885/25 892/24 897/12 904/13
go [15] 878/6 879/20 881/23 883/18 885/3 885/24 891/22 895/16 897/6 898/6 898/11 901/11 903/21 903/23 907/10
goes [1] 900/18
going [32] 877/24 883/18 884/7 884/17 886/17 890/4 890/4 892/23 895/8 895/10 895/13 897/25 899/1 899/8 899/8 899/16 899/16 901/2 901/3 903/8 903/9 903/16 904/15 904/16 904/17 904/18 904/22 906/2 906/3 906/4 906/5 906/24
gone [1] 879/14
good [7] 876/3 876/4 893/9 893/10 907/12 907/15 907/20
got [9] 880/18 880/18 899/7 903/7 903/23 904/10 904/10 904/19 907/19
great [2] 902/10 906/9
greater [1] 893/1
guarantee [1] 900/6
guaranteeing [1] 903/21
guess [1] 900/21

**H**

had [12] 876/18 877/14 878/5 878/15 879/14 879/16 881/10 881/15 882/10 882/21 887/19 893/20
half [2] 898/7 898/10
hand [4] 886/25 887/1 887/5 903/19
handled [1] 879/13
happen [2] 885/23 906/5
happened [1] 890/7
has [12] 877/22 881/20 882/2 883/10 887/4 889/18 892/24 899/21 904/16 905/18 906/12 906/16
hasn't [2] 876/18 882/21
have [81]
haven't [2] 898/6 900/25
having [3] 895/12 896/16 905/25
he [22] 876/12 876/13 877/13 877/17 878/4 878/9 878/10 878/15 878/15 878/17 878/18 878/18 879/20 880/2 880/2 880/8 880/11 880/21 881/18 892/5 892/9 896/14
he's [1] 878/9
head [3] 886/12 897/17 898/16
hear [4] 883/8 886/19 890/20 897/23
heard [4] 879/3 887/7 890/17 892/21
hearing [2] 890/25 902/6
here [5] 883/17 892/20 904/1 906/8 907/1
hesitate [3] 894/8 902/17 906/17
highlighted [1] 880/15
highly [1] 903/22
him [5] 877/25 878/2 878/3 880/1 883/5
his [12] 876/7 876/21 876/25 877/13 877/17 879/18 880/1 881/16 881/18 892/2 892/6 902/21
home [4] 903/9 903/10 904/25 906/2
honest [2] 902/14 906/14
Honor [46]
HONORABLE [1] 874/11
hopefully [1] 901/19
hour [1] 905/12
hours [4] 882/3 883/11 903/3 905/5
how [8] 877/20 885/6 886/5 898/12 901/3 901/5 901/9 905/9
however [1] 902/20

**I**

I'd [2] 901/7 905/14
I'll [12] 877/19 877/25 884/4 885/18 894/9 897/23 900/15 903/10 904/24 904/25 904/25 907/19
I'm [26] 877/22 878/2 878/2 878/22 881/5 883/14 884/6 884/17 886/23 889/4 889/7 889/11 890/4 890/22 892/23 893/3 893/4 894/25 895/2 895/8 895/10 895/13 897/22 902/4 903/9 906/2
I've [5] 891/12 891/13 900/16 907/3 907/19
idea [1] 905/17
immediate [1] 901/8
impasse [7] 885/16 886/8 886/10 890/19 893/3 893/4 893/12
implied [1] 899/15
important [3] 902/9 906/7 906/25
impossible [1] 890/6
impression [2] 903/15 903/19
improperly [1] 876/20
inclination [3] 887/14 897/23 897/24
inclined [1] 898/9
inconsistent [1] 884/9
incorrect [2] 902/20 906/20
index [1] 883/25
indicates [1] 904/2
inference [2] 878/17 878/18
initial [2] 902/19 906/20
innocent [1] 893/25
instead [1] 904/19
instructed [2] 881/21 895/22
instruction [10] 881/13 881/19 882/16 882/24 883/9 883/16 884/7 884/16 889/17 897/13
instructions [12] 884/9 885/24 885/25 886/2 886/15 886/16 886/18 886/22 890/14 893/15 893/17 895/22
intend [6] 888/10 888/14 888/19 888/20 888/21 899/25
intending [1] 888/17
intent [2] 887/19 893/21
intentional [8] 887/1 887/22 887/22 888/16 888/19 889/1 893/23 893/24
intentionally [8] 885/16 887/12 888/24 891/17 891/23 891/25 892/1 893/12
internet [1] 891/22
interpreting [1] 893/3
invite [1] 892/24
involved [1] 902/9
is [97]
isn't [2] 876/16 884/1
issue [9] 878/4 878/10 878/10 878/20 878/23 883/17 884/24 898/24 901/8
issues [3] 902/18 906/18 907/11
it [77]
it's [23] 877/16 877/24 879/8 879/9 881/8 881/25 883/18 884/17 886/7 887/10 890/6 890/13 890/21 893/24 895/13 900/10 901/1 901/8 901/19 903/6 903/18 905/10 906/10
its [5] 887/25 888/15 889/24 890/24 894/2
itself [1] 880/7

**J**

JANICE [1] 875/6
judge [9] 874/12 879/9 879/11 879/13 887/7 888/5 895/19 896/6 898/12
judgment [4] 902/13 902/22 906/12 906/23
jumping [1] 881/16
June [4] 874/7 876/22 878/13 907/21
June 27th [1] 878/13
juror [4] 902/13 902/20 906/13 906/21
juror's [1] 906/22
jurors [13] 896/6 897/3 898/6 898/10 898/13 899/19 900/5 901/11 901/12 902/15 902/17 906/15 906/17
jury [57]
jury's [1] 878/4
just [27] 877/8 877/19 882/4 883/22 884/1 884/19 884/21 886/15 886/17 887/7 889/7 889/15 890/5 891/10 895/2 895/16 896/23 897/25 898/25 899/3 899/7 899/23 900/17 900/22 900/24 903/10 905/2

**K**

keep [6] 897/25 899/8 899/16 904/15 906/3

**K**

keep... [1] 906/24
KFIRM [1] 874/19
kind [2] 891/2 900/10
KING [25] 874/21 876/7 876/11 876/21 876/25 877/9 877/11 877/25 879/20 880/14 881/10 881/13 881/15 881/24 881/24 882/17 882/24 883/12 883/25 884/3 885/1 885/20 885/23 891/5 891/7
King's [2] 884/15 884/20
knew [1] 904/17
Knipps [2] 879/9 879/11
know [17] 880/20 882/25 886/16 890/10 890/14 892/18 893/15 898/9 898/11 900/4 900/6 900/8 900/8 900/9 902/8 905/9 906/7
knowing [7] 887/11 887/21 888/9 888/14 888/25 893/23 905/4
knowingly [10] 885/16 887/12 888/3 888/23 891/16 891/23 892/4 892/4 893/12 894/4
known [3] 887/25 889/24 894/2
knows [1] 891/7

**L**

ladies [6] 893/9 894/6 896/10 896/20 902/8 905/24
language [11] 888/6 888/7 889/6 889/10 889/12 889/18 889/25 890/2 890/3 890/4 892/24
late [3] 884/14 884/17 884/17
law [6] 888/12 891/18 891/18 892/13 892/19 892/19
lawsuit [5] 894/19 894/22 896/12 896/14 896/15
lawyer [1] 879/18
lawyers [5] 881/21 882/19 884/8 884/12 898/11
least [2] 880/20 881/12
leave [3] 896/6 897/4 900/14
length [1] 876/25
let [7] 877/25 886/19 893/17 903/9 905/14 905/25 906/6
let's [6] 893/6 896/2 904/21 904/24 905/19 907/18
liability [1] 903/4
light [2] 893/3 903/14
like [8] 880/20 889/10 900/10 900/19 900/22 901/7 905/4 906/20
line [2] 889/19 889/23
Lisa [1] 875/22
LLP [1] 874/19
located [2] 878/22 890/13
long [3] 895/13 898/12 904/16
Look [1] 887/14
looking [1] 881/23
loses [1] 890/24
lost [1] 883/3
lot [2] 877/3 877/3
luxury [1] 882/8
lying [1] 878/19

**M**

made [9] 878/10 878/16 879/7 880/17 881/24 882/10 884/11 891/13 898/11
make [12] 876/6 877/20 877/21 881/9 884/20 884/21 897/21 898/17 898/22 900/2 900/24 907/18
making [3] 876/10 877/16 881/17
Manning [2] 878/22 880/3
marked [4] 885/14 894/17 896/5 902/2
MARTIN [1] 875/5
matter [4] 879/13 881/20 884/6 891/17
matters [2] 881/14 884/9
may [15] 877/19 879/3 879/4 883/22 884/19 890/17 895/5 899/8 899/23 900/2 900/3 901/16 902/14 906/14 907/4
maybe [7] 884/1 884/15 889/14 898/2 898/3 898/5 898/6
me [19] 876/10 877/20 877/22 882/14 885/3 885/4 885/6 886/7 886/19 887/4 887/6 893/18 898/20 899/16 900/22 904/2 904/7 905/25 906/6
mean [7] 893/5 895/18 899/6 899/12 899/20 899/20 900/21
means [5] 888/9 888/14 888/19 902/4 904/21
mechanical [1] 875/24
media [1] 907/8
meet [1] 905/19
members [1] 890/25
mentioned [1] 880/21
merit [1] 905/18
MICHAEL [2] 874/16 875/3
middle [1] 887/17
might [5] 884/14 888/12 898/8 901/15 907/9
mind [1] 878/4
minutes [1] 885/7
mischaracterized [2] 876/13 881/11
miss [6] 899/8 899/8 900/24 904/22 905/1 906/4
missing [3] 879/14 883/20 904/22
misstatements [1] 878/16
mistake [7] 886/25 887/23 888/7 888/8 889/20 890/7 893/25
mistrial [4] 898/8 899/21 901/5 901/12
misunderstanding [1] 888/12
misunderstood [2] 900/22 900/22
modified [2] 902/7 902/23
Monday [1] 904/19
moot [1] 898/4
more [8] 877/22 881/9 889/12 891/3 897/7 897/24 899/23 904/1
morning [7] 876/3 876/4 897/5 904/14 907/13 907/16 907/19
motion [2] 877/16 877/17
Mr [7] 876/5 883/14 883/24 883/25 884/14 891/7 895/10
Mr. [61]
Mr. Bowe [3] 877/13 878/8 881/9
Mr. King [21] 876/7 876/11 876/21 876/25 877/9 877/11 877/25 879/20 880/14 881/10 881/13 881/15 881/24 881/24 882/17 882/24 883/12 884/3 885/1 885/20 885/23
Mr. King's [2] 884/15 884/20
Mr. O'Neill [12] 879/4 879/23 883/13 886/5 888/18 889/13 889/18 889/25 892/16 897/6 899/6 901/3
Mr. Southerland [11] 877/5 877/14 878/5 878/7 879/16 879/18 880/17 880/21 883/4 883/7 884/2
Mr. Southerland's [2] 877/2 879/9
Mr. Woo [10] 876/23 878/14 879/25 880/7 894/18 894/22 895/6 895/10 896/12 896/13
Ms [5] 878/22 894/20 895/12 896/16 896/19
Ms. [1] 876/24
Ms. Candy's [1] 876/24
much [5] 885/6 889/1 889/1 896/24 905/9
multiple [1] 884/10
must [4] 884/11 888/1 894/3 902/13
my [13] 876/9 877/20 880/1 880/8 884/9 884/16 886/12 887/14 897/17 897/23 897/24 899/10 902/6

**N**

nature [3] 876/11 890/8 892/6
necessarily [4] 888/10 888/17 888/20 899/14
need [15] 887/19 887/21 889/12 892/21 893/20 893/22 894/7 897/16 897/16 897/18 897/19 899/23 901/3 904/15 905/20
needed [1] 899/19
negligence [4] 886/25 887/24 889/20 893/25
neither [1] 895/7
never [1] 878/25
NEW [18] 874/1 874/6 874/17 874/17 874/21 874/21 875/4 875/5 875/5 875/23 891/17 891/18 891/18 891/20 891/23 892/13 895/7 895/9
newspapers [1] 907/8
next [2] 885/3 889/23
night [2] 901/10 907/20
no [26] 877/4 877/4 877/24 878/7 883/8 883/9 884/3 886/3 888/16 892/22 895/8 895/11 895/14 898/19 899/18 899/18 900/7 900/23 902/20 902/24 903/21 905/6 905/21 906/21 907/4 907/7
nobody's [1] 906/4
Nods [1] 898/16
non [1] 900/7
non-resolution [1] 900/7
not [64]
note [15] 885/4 885/14 885/19 886/6 886/8 887/8 891/4 893/2 893/11 894/17 896/4 896/22 902/2 905/6 905/24
noted [4] 885/11 894/14 900/17 901/24
notes [2] 894/8 896/11
nothing [1] 881/17
notice [1] 880/18
now [20] 882/14 882/25 883/10 883/19 884/17 893/2 893/18 894/21 896/18 896/23 897/21 897/22 897/25 898/21 899/5 900/14 903/9 905/25 906/2 907/2
number [3] 883/25 897/3 899/19

**O**

o'clock [2] 905/10 905/16
O'NEILL [14] 874/16 879/4 879/23 883/13 883/14 886/5 888/18 889/13 889/18 889/25 892/16 897/6 899/6 901/3
object [3] 877/20 888/6 889/8
objected [1] 884/20
objection [5] 876/7 890/1 892/14 894/23 902/23
objections [10] 876/10 876/10 881/10 881/10 881/12 881/15 881/18 882/7 882/11 895/15
objective [1] 892/2
obviously [4] 878/23 886/15 901/8 905/12
occur [1] 892/11
off [2] 886/12 897/17
Oh [1] 884/24
Okay [13] 876/5 877/7 879/22 881/8 885/9 886/4 888/23 889/3 889/10 891/5 892/21 895/13 899/13
once [1] 877/22
one [18] 876/9 876/9 876/16 876/19 882/8 886/9 886/12 886/25 888/21 890/14 890/24 894/18 894/21 896/11 904/1 904/11 905/3 905/17
only [12] 880/25 881/22 883/6 883/6 887/21 893/22 894/22 895/6 896/13 898/22 904/10 907/5
open [2] 876/1 896/19
opened [1] 878/8
opinion [4] 902/14 902/17 906/14 906/17
opinions [2] 902/16 906/16
opportunity [2] 876/18 882/21
options [2] 901/11 901/18
order [2] 890/11 890/15
other [27] 876/17 876/21 877/24 882/1 882/20 883/6 884/4 887/1 887/24 888/1 888/8 889/20 892/25 893/25 894/2 894/7 894/8 895/1 895/17 895/18 899/17 902/16

**O**

other... [5] 903/19 905/14 905/17 906/17 907/6
others [1] 891/14
otherwise [2] 900/11 907/8
ought [2] 888/9 897/3
our [2] 876/7 894/8
out [4] 889/18 891/1 903/24 905/12
outside [3] 876/1 884/4 884/10
over [6] 883/11 890/19 890/21 893/4 903/2 907/7
overnight [1] 903/11
override [1] 904/4
overruled [1] 876/9

**P**

p.m [2] 894/14 901/24
Pacific [1] 880/4
page [5] 887/17 889/12 893/17 902/5 903/4
pages [1] 895/13
paragraph [4] 887/17 889/13 889/16 889/19
paraphrasing [1] 889/7
part [4] 884/12 884/20 895/23 900/13
participated [2] 888/2 894/3
particular [3] 890/25 893/18 901/15
particularly [1] 888/7
parties [8] 885/18 897/2 898/5 901/7 902/6 902/9 905/16 906/8
parts [1] 888/8
party [10] 894/19 894/22 895/2 895/3 895/10 896/12 896/14 896/14 904/5 907/5
pattern [3] 885/25 891/20 891/21
Pause [1] 896/3
period [2] 898/13 898/14
permission [2] 885/2 885/3
permit [1] 885/4
permitted [1] 882/19
person [3] 892/1 892/4 892/8
persuaded [2] 902/19 906/19
petition [12] 876/22 876/23 877/6 878/15 878/16 878/21 878/25 878/25 879/1 879/24 879/25 880/7
petitions [3] 877/1 877/3 877/4
Phone [1] 875/24
piece [3] 876/19 876/21 881/11
place [1] 880/25
plaintiffs [13] 874/3 874/16 887/18 887/20 887/20 888/1 893/20 893/21 893/22 894/3 901/15 902/9 906/8
plan [1] 901/3
plane [3] 896/6 897/4 898/11
planes [1] 905/1
plans [2] 899/17 900/1
Plaza [1] 875/23
please [17] 885/13 885/16 887/12 893/6 893/8 893/12 894/10 894/16 896/2 896/9 897/1 902/1 905/23 906/7 907/3 907/7 907/14
point [12] 876/9 881/19 882/2 883/8 884/6 884/13 890/23 891/11 898/1 898/3 898/8 902/25
pointing [1] 889/15
portion [2] 888/7 895/20
position [5] 883/12 902/20 903/13 904/3 906/20
prejudice [1] 883/7
prejudicial [1] 883/16
presence [1] 876/1
pressure [3] 903/17 903/20 904/4
pretty [1] 905/7
prevail [1] 895/14
previously [3] 890/2 892/24 893/15
probable [4] 887/25 889/6 889/24 894/2
problem [5] 878/9 888/5 899/6 900/23 901/1
problems [1] 905/25
proceed [2] 896/17 901/9
proceeding [1] 877/1
proceedings [2] 875/24 896/3
process [1] 905/13
produced [1] 875/25
productive [1] 905/13
proper [1] 885/18
proposal [1] 902/6
propose [1] 894/21
prove [8] 887/18 887/19 887/21 888/1 893/19 893/20 893/22 894/3
provide [1] 902/7
pull [1] 891/22
put [10] 876/18 876/23 878/4 878/10 883/17 889/17 891/24 903/8 903/17 906/9

**Q**

question [15] 877/4 879/19 884/3 888/4 891/15 891/16 894/18 894/19 894/21 895/3 896/11 896/13 897/8 898/25 905/3
questioned [1] 876/25
questions [11] 877/22 879/18 879/20 879/25 880/20 891/3 892/25 894/7 894/18 902/5 903/4
quickly [2] 890/24 905/2
quite [1] 906/25

**R**

raise [1] 905/2
raised [1] 890/1
raising [1] 879/19
RAUCHBERG [1] 875/6
re [2] 887/15 893/18
re-read [2] 887/15 893/18
reach [5] 897/13 900/16 903/3 903/23 904/1
reached [9] 885/15 893/2 893/12 898/4 898/7 900/25 902/12 903/22 906/11
reaching [1] 900/17
read [12] 882/9 886/15 887/15 887/16 889/13 893/18 894/20 895/13 895/17 895/25 896/16 896/19
reading [1] 896/21
ready [1] 907/10
really [3] 876/14 907/4 907/10
reason [5] 882/19 887/24 889/21 890/18 894/1
reasonable [1] 885/5
reasons [1] 876/16
reasserting [1] 890/1
recall [3] 880/4 880/22 897/17
Recess [3] 885/10 894/12 901/22
reckless [5] 887/1 887/22 887/24 893/23 894/1
recklessly [12] 885/17 887/13 888/3 888/24 889/3 889/4 891/17 891/24 892/8 892/8 893/13 894/5
recollection [3] 880/1 880/1 880/8
record [21] 876/7 877/9 877/20 878/7 880/14 880/19 881/14 881/23 881/25 883/1 884/4 884/10 884/11 884/12 884/20 884/21 884/22 884/22 887/5 891/6 891/10
recorded [1] 875/24
records [1] 883/3
recover [1] 903/10
refer [1] 893/14
reference [8] 880/17 880/24 880/25 881/1 882/17 882/25 883/2 883/8
referred [3] 879/10 881/13 881/24
refers [1] 884/9
refresh [1] 880/1
refreshed [1] 907/9
regard [1] 889/5
regardless [1] 899/17
reiterating [1] 889/14
reject [1] 904/23
relates [1] 886/8
relevant [3] 876/14 876/15 876/18
relieve [1] 903/20
reluctant [1] 890/22
rely [1] 884/7
remedial [1] 882/1
remember [2] 877/3 890/9
removal [4] 888/2 890/6 890/10 894/4
reneged [2] 904/19 904/20
REPORTED [1] 875/22
reporter [3] 891/7 895/14 895/16
represent [2] 902/13 906/12
Representing [2] 874/16 875/3
represents [2] 902/21 906/22
Reptg [2] 874/16 874/19
request [2] 884/18 893/3
requested [2] 893/17 896/21
require [2] 888/21 892/25
resided [1] 880/12
residing [1] 880/3
resolution [2] 900/7 902/11
resolve [1] 907/10
resolved [2] 906/10 906/25
resources [2] 902/11 906/9
respect [6] 878/13 879/24 892/1 892/4 892/5 892/8
respond [2] 877/25 886/5
responded [1] 880/21
responding [2] 878/2 878/2
responds [1] 879/5
response [3] 885/19 897/2 898/19
restful [1] 907/12
result [4] 892/2 892/3 892/9 892/11
review [4] 879/17 882/5 883/24 892/23
right [36]
rights [4] 887/18 887/20 893/20 893/22
rise [4] 876/2 885/12 894/15 901/25
risk [1] 892/10
RMR [1] 875/22
room [2] 883/19 907/14
roulette [1] 900/10
ruin [2] 899/25 904/3
ruining [1] 901/13
ruled [1] 890/3
Russian [1] 900/10

**S**

said [9] 877/17 877/17 884/8 885/3 895/21 897/25 899/11 899/15 901/11
same [3] 888/25 901/14 903/12
satisfied [1] 889/4
saw [1] 878/25
say [15] 877/21 881/22 882/4 882/10 882/16 887/3 887/5 888/14 888/18 897/24 903/3 903/20 904/11 905/14 906/1
saying [6] 878/9 894/22 897/9 899/22 899/23 901/12
says [7] 885/15 887/17 893/11 896/5 897/4 902/3 902/4
Schmid [1] 875/22
seated [7] 885/13 893/8 894/16 896/9 897/1 902/1 905/23
second [2] 891/21 896/22
Secondly [1] 883/10
see [11] 881/24 888/5 900/18 901/9 901/16 903/12 903/13 904/21 905/16 907/12 907/15
seeking [2] 902/11 906/9
seems [3] 897/7 898/23 903/22

**S**

seen [1] 891/12
selecting [1] 900/13
send [5] 894/8 903/9 903/10 904/25 906/2
sentences [1] 889/15
sentencing [1] 907/19
seriously [2] 902/16 906/16
served [2] 898/14 898/14
set [4] 893/16 893/17 898/24 899/2
several [2] 879/20 883/11
Shakima [1] 880/3
she [1] 880/12
should [16] 876/10 885/19 885/21 885/24 886/5 886/11 886/17 891/3 895/25 900/9 900/15 900/17 902/15 902/21 905/7 906/21
shouldn't [2] 882/24 883/9
show [1] 883/25
showed [2] 879/10 879/25
shows [1] 879/17
side [2] 876/17 882/20
sidebars [1] 895/15
SILVERBERG [1] 875/6
simply [1] 887/15
since [2] 882/25 887/14
sit [1] 904/1
situation [1] 900/7
six [3] 897/16 897/18 897/19
so [44]
social [1] 907/8
some [10] 878/5 879/18 880/19 881/12 883/5 883/8 886/14 895/20 899/23 904/25
somebody's [1] 904/3
someone [2] 880/22 887/4
something [7] 877/21 883/4 884/14 886/9 886/21 893/5 898/21
sometime [1] 903/13
SONNY [2] 874/2 874/19
sorry [2] 878/22 883/14
sounds [3] 899/4 900/19 904/7
SOUTHERLAND [14] 874/2 874/16 874/19 877/5 877/14 878/5 878/7 879/16 879/18 880/17 880/21 883/4 883/7 884/2
Southerland's [3] 877/2 879/9 883/24
specific [3] 887/19 893/21 895/24
specifically [5] 876/11 877/21 880/22 882/16 899/1
squeeze [1] 905/11
SR [2] 874/2 874/19
start [3] 883/19 891/11 907/13
started [1] 880/23
starting [1] 891/25
state [2] 877/13 892/19
stated [1] 878/21
statement [1] 897/8
statements [2] 891/13 898/12
STATES [2] 874/1 874/12
statute [1] 891/23
stay [3] 905/5 905/14 907/8
stenography [1] 875/24
stick [2] 890/4 904/21
still [1] 898/1
stop [1] 876/10
stopping [1] 881/17
Street [3] 874/17 874/20 875/4
strongarm [1] 901/12
subject [1] 902/6
subsequent [1] 877/6
substantial [1] 892/10
substantive [1] 891/18
such [6] 892/3 892/3 892/6 892/6 892/11 892/11
sueable [1] 894/24
suggest [4] 888/13 890/18 891/20 891/24
suggested [1] 889/18
suggestion [3] 898/22 899/7 899/10
summation [7] 876/8 876/17 876/19 876/22 877/13 882/17 884/21
suppose [1] 900/4
supposed [2] 894/25 895/2
sure [7] 881/5 886/23 888/19 889/11 893/4 902/4 905/3
surprised [1] 905/11
suspect [1] 895/4
sustained [2] 881/12 895/15
swear [2] 880/2 880/11
sword [1] 903/18

**T**

taint [1] 907/6
take [4] 882/2 882/14 898/13 905/7
taken [1] 881/11
takes [1] 889/18
talk [3] 883/20 901/18 907/4
talking [3] 890/10 905/9 907/6
tell [18] 879/15 885/6 886/17 886/24 891/2 893/5 894/25 895/6 895/8 895/10 895/22 898/10 898/20 899/7 899/16 900/15 900/23 906/6
telling [1] 877/20
tempted [1] 907/4
ten [4] 905/16 905/19 905/20 907/19
terms [4] 887/14 892/13 893/16 893/18
testified [4] 878/14 878/15 880/2 880/8
testify [1] 883/4
testimony [17] 877/2 878/14 879/17 879/19 880/2 880/7 880/17 881/4 883/24 884/2 894/20 895/12 895/16 895/21 895/25 896/16 896/19
than [3] 893/5 897/8 897/25
Thank [6] 879/2 884/23 885/8 896/24 901/20 901/21
that [219]
that's [15] 876/13 880/12 882/6 887/17 888/11 890/7 890/13 891/17 892/12 894/6 900/12 900/13 901/14 904/4 906/5
their [12] 883/18 887/18 887/20 888/4 888/12 893/19 893/21 895/2 900/16 900/17 905/1 906/4
them [54]
themselves [5] 887/21 891/1 893/23 898/5 901/8
then [10] 876/13 877/25 884/16 894/19 897/15 898/2 903/13 903/21 903/24 904/4
there [27] 877/2 877/3 877/4 877/4 878/11 878/14 878/20 880/2 880/14 880/16 880/20 880/24 880/24 881/2 881/8 881/17 882/1 882/13 883/1 883/8 883/9 884/1 884/3 885/4 889/2 890/23 895/14
there's [5] 884/24 886/14 888/8 889/1 905/17
therefore [1] 891/18
these [4] 882/10 886/10 887/14 907/11
they [60]
they'll [1] 903/22
they're [16] 883/18 886/10 886/17 888/6 890/4 890/10 898/2 899/22 899/23 903/12 904/1 904/11 904/22 905/4 905/7 905/12
they've [4] 887/16 895/25 898/4 898/14
thing [3] 895/18 904/10 906/2
things [4] 877/17 877/18 884/5 906/1
think [59]
third [4] 885/25 889/15 891/20 907/5
Thirty [1] 885/7
this [43]
thoroughly [1] 899/9
those [12] 877/18 879/16 881/10 881/17 886/2 891/24 892/12 892/13 892/15 893/17 893/18 901/18
thought [1] 886/9
threaten [1] 904/3
three [3] 886/23 892/13 903/4
through [3] 895/16 904/15 904/21
throughout [3] 877/1 907/2 907/3
Thursday [11] 896/6 897/4 897/12 897/14 899/3 899/17 903/21 904/13 904/18 904/22 906/5
tickets [3] 896/6 897/4 898/11
time [18] 878/7 878/9 878/19 880/16 885/5 885/6 885/11 887/8 894/14 897/6 899/23 900/25 901/24 902/10 904/14 904/16 905/9 906/9
times [1] 884/10
TIMOTHY [1] 874/5
together [1] 907/14
told [11] 876/10 876/12 876/14 876/21 881/9 884/10 898/2 899/21 906/11 906/20 907/3
tomorrow [18] 898/1 898/3 898/15 900/3 901/10 903/7 903/13 903/24 904/14 905/4 905/17 906/3 906/6 907/1 907/2 907/13 907/15 907/19
tonight [2] 905/5 905/10
too [5] 884/13 884/17 884/17 887/9 897/21
top [2] 886/12 897/17
transcript [7] 874/10 875/24 881/3 882/5 882/8 882/9 891/13
transcription [1] 875/25
transcripts [6] 877/14 878/5 879/11 879/14 879/16 879/20
travel [1] 899/2
trial [8] 874/10 879/11 879/17 879/19 882/9 882/21 884/5 907/21
trip [1] 903/16
true [1] 878/15
truly [1] 883/17
truthful [1] 879/2
try [2] 907/2 907/10
trying [4] 890/2 899/19 906/3 906/24
two [10] 876/11 880/20 894/18 894/19 896/6 896/10 897/4 898/7 898/9 898/10

**U**

U.S [1] 874/6
unanimous [2] 902/4 905/25
under [3] 890/6 891/16 892/13
understand [5] 882/6 882/12 887/7 906/7 906/21
Understood [3] 890/5 890/12 897/11
undue [3] 883/17 903/17 904/4
unfair [1] 904/5
UNITED [2] 874/1 874/12
unjustifiable [1] 892/10
unless [2] 886/24 902/21
unlikely [1] 903/22
until [4] 904/18 905/18 906/22 907/14
up [7] 876/5 881/16 881/24 888/12 890/18 890/24 891/22
upon [1] 884/7
urge [1] 896/23
urging [1] 898/20
us [10] 891/4 892/25 893/5 894/8 894/20 895/22 896/22 898/2 899/22 904/11
use [2] 881/3 903/8
using [1] 903/9
usually [1] 899/20

**V**

vacation [1] 904/4
vacations [1] 901/13
verdict [18] 897/14 898/4 899/9 900/16

V

verdict... [14] 900/18 900/20 900/25 901/10 902/5 902/12 902/12 902/21 903/22 904/1 906/10 906/11 906/22 907/7
versa [1] 891/14
versus [1] 874/4
very [3] 883/22 890/23 896/24
Vesey [1] 874/17
vice [1] 891/14
vice-versa [1] 891/14
view [2] 889/25 895/17
violation [2] 887/18 893/19
voice [1] 890/24
voluntarily [4] 887/23 888/3 893/24 894/4
vote [2] 902/21 906/21

W

Wall [1] 874/20
want [24] 876/6 877/21 878/1 881/16 882/4 882/14 884/19 884/21 887/4 887/10 891/2 895/19 895/23 895/23 897/6 898/17 900/7 901/15 901/16 903/19 905/3 905/16 905/17 906/4
wanted [3] 877/8 891/14 899/16
wants [1] 886/24
warrant [1] 903/9
was [43]
wasn't [1] 882/18
way [6] 877/24 880/18 882/6 883/5 883/6 905/14
we [69]
we'll [9] 890/16 894/8 900/14 900/18 900/25 903/12 906/25 907/1 907/12
we're [10] 886/17 891/10 898/1 901/2 901/3 901/13 903/8 903/21 903/24 906/24
we've [4] 896/5 903/7 903/23 904/19
well [18] 876/15 881/8 883/2 886/7 886/13 886/14 886/21 889/11 890/9 892/17 897/7 897/9 900/2 900/14 900/21 901/2 903/7 903/25
went [2] 884/3 905/11
were [18] 876/8 876/12 876/12 877/2 877/3 877/18 878/15 878/21 880/20 881/10 881/11 881/14 883/19 887/21 891/13 893/23 898/13 905/13
weren't [2] 904/17 904/17
what [26] 877/17 878/20 880/5 880/14 881/21 881/22 883/17 883/20 884/22 885/18 885/23 886/10 886/23 887/16 889/3 889/10 890/16 890/19 890/24 895/23 895/25 896/7 897/2 897/9 899/15 900/12
what's [5] 876/5 878/24 884/11 886/22 891/16
whatever [4] 878/1 883/18 889/6 904/22
when [10] 881/2 881/9 881/18 892/2 892/5 892/9 895/22 905/6 905/12 906/6
where [13] 878/21 878/22 879/10 879/19 880/12 880/17 881/1 881/10 881/13 890/13 890/24 891/13 900/18
whether [5] 878/21 879/1 883/5 886/8 905/18
which [11] 881/12 890/14 894/17 896/5 897/25 900/4 900/8 902/2 902/3 902/7 905/17
whichever [1] 904/5
while [3] 881/16 902/14 906/14
who [4] 879/13 890/25 891/7 898/10
why [4] 882/24 883/19 895/1 901/16
will [24] 881/3 881/24 884/22 885/4 885/6 885/23 890/20 891/2 892/11 893/4 896/17 896/22 896/23 897/12 897/15 898/2 898/4 898/5 898/14 903/13 904/14 905/1 905/16 907/3
willing [1] 904/1
wind [1] 889/18
wish [1] 882/10
within [2] 895/15 904/11
without [1] 889/5
won't [5] 898/3 899/22 900/24 901/19 903/21
WOO [12] 874/5 876/23 878/14 879/25 880/7 894/18 894/22 895/6 895/10 895/10 896/12 896/13
word [2] 881/3 884/1
words [5] 886/11 887/3 887/4 888/1 894/2
work [5] 877/24 882/7 891/1 899/22 900/17
worry [2] 898/24 903/20
would [27] 877/20 882/15 882/16 883/6 883/16 883/16 884/16 887/16 888/11 888/13 888/13 889/10 889/16 891/24 891/24 894/21 898/9 898/13 898/22 900/6 902/7 903/14 903/17 904/5 905/4 905/9 905/13
write [1] 887/5

Y

Yeah [2] 877/2 888/5
yes [11] 877/12 879/6 879/24 880/21 880/24 883/15 883/23 885/1 892/17 895/11 896/17
yesterday [6] 876/8 877/9 879/8 884/15 904/10 905/11
yet [1] 904/12
YORK [18] 874/1 874/6 874/17 874/17 874/21 874/21 875/4 875/5 875/5 875/23 891/17 891/18 891/18 891/21 891/23 892/13 895/7 895/9
you [98]
You'll [1] 901/18
you're [7] 877/16 898/25 899/8 899/16 903/16 905/24 906/19
you've [3] 893/16 899/7 903/8
your [70]