UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                  :

SONNY B. SOUTHERLAND, SR. *et al.*,       :      **DECISION AND ORDER**
                                                  :

                      Plaintiffs,       :      99 cv 3329 (BMC) (LB)
                                                  :

                - against -           :
                                                  :

TIMOTHY WOO,                         :
                                                    :

                      Defendant.    :
-------------------------------------------------------- X

**COGAN**, District Judge.

       This is an action under 42 U.S.C. § 1983 brought by a father and his now-grown children for damages against Timothy Woo, a former caseworker for the New York City Administration for Children's Services ("ACS").  The current complaint charges that in 1997, Mr. Woo made false statements in order to obtain entry into the family home and then improperly removed the children without a court order, resulting in them being placed into the foster care system.   As the case number indicates, the case has a lengthy history that has included appeals and remands from the Second Circuit. Its most recent significant event was a trial that ended in a hung jury, and a conference has now been scheduled in which the retrial, among other things, will be discussed.

       On September 16, 2013, counsel for the plaintiff father filed a letter requesting a premotion conference in anticipation of moving for a temporary restraining order and preliminary injunction to enjoin execution of a warrant of eviction on plaintiffs' residence.  I waived the premotion conference that day and directed plaintiff to move for the relief he was seeking. After two weeks went by, on the evening of October 2, 2013, the attorney for the plaintiff father, purporting to act on behalf of all of the plaintiffs (including the now-grown

children, who are separately represented), filed a one-page "Notice of Motion" for that relief and

an accompanying memorandum of law.[1]  The motion purported to be returnable "at 10:00 a.m.

on October 4, 2013," less than two days later, although counsel had never checked with

Chambers for any specific time or date.   Having reviewed this submission, I am compelled to

deny the relief requested as the motion is procedurally and substantively deficient in numerous

respects:

    1. The motion does not identify who the landlord is that the Court has been asked to

enjoin.  It simply describes the landlord as "New York City."  Even assuming that the landlord is

the New York City Housing Authority ("NYCHA"), no information has been given as to

whether NYCHA is an agency or a department of the City of New York.  The Court's

understanding is that NYCHA is a separate municipal corporation with its own charter.   The

Court notes that when NYCHA has appeared before it, it has not been represented by

Corporation Counsel for the City of New York (the "Law Department"), but by its own lawyers.

But even if NYCHA is an agency of the City of New York, neither NYCHA nor the City of New

York are parties to this action.  Plaintiff is asking me to enjoin an unnamed entity over which the

Court has no jurisdiction.

    2.  This underscores a larger problem with the theory of plaintiff's motion – there is a

fundamental disconnect between the relief sought in this action and the relief sought in the

motion.  When plaintiff argues that he should get an injunction against the eviction warrant, he

asserts his likelihood of success in recovering damages against Timothy Woo for the improper

removal of the children sixteen years ago.  That is not the likelihood of success at issue to get an

injunction as to the eviction warrant.  Rather, plaintiff must show that he has a likelihood of

---

[1] For reasons set forth at the end of this Order, I am assuming that only the plaintiff father has moved for this relief.

success in showing that the warrant of eviction was improperly issued.  Even more fundamentally, there is no claim in this case, or any other case identified by plaintiff, that the eviction warrant *was* improperly issued.

Indeed, plaintiff has not told me anything about the nature of the landlord tenant proceedings that led to the issuance of the warrant of eviction.  Perhaps it was for non-payment of rent; perhaps it was for violation of some NYCHA housing rule; perhaps the lease has simply not been renewed. Either way, having a likelihood of success in *this* action does not excuse plaintiff from complying with the obligations under his lease.  If the problem with plaintiff's lease is that he has not paid rent, for example, then what plaintiff would be seeking to do would be to use his anticipated damage recovery in this lawsuit against Woo as collateral for an injunction against his landlord.  That is wrong from every possible legal perspective.

3. Not only is there no claim for wrongful eviction pending in this Court, but because federal courts have limited jurisdiction, it is unlikely that there could be. Indeed, plaintiff must be well aware of this.  He sought this same relief in 2011.  He commenced an action before Judge Townes of this Court entitled <u>Southerland v. New York City Housing Authority</u>, No. 10-cv-5243, 2011 WL 73387 (E.D.N.Y. Jan. 7, 2011).  Judge Townes denied the request for an injunction and dismissed his case, holding: "The sum and substance of plaintiff's claims are related to his landlord-tenant matters. … Plaintiff cannot repackage his landlord-tenant claims as § 1983 claims in order to confer federal question jurisdiction."  <u>Id.</u> at *2 (citations omitted).[2] This is consistent with a long line of authority holding that federal courts have no jurisdiction in landlord-tenant matters.  <u>See</u> <u>Smith v. New York City Housing Authority</u>, No. 12 cv 6375, 2012 WL 6731703 (E.D.N.Y. Dec. 28, 2012); <u>Townsend v. NYCHA Law Dept.</u>, No. 12 cv 4401, 2012

---

[2] It is of concern that plaintiff's counsel did not disclose to the Court a prior unsuccessful attempt to obtain the same preliminary injunctive relief that he is seeking here.

WL 3903468 (E.D.N.Y. Sept. 6, 2012); Rosquist v. St. Marks Realty Assoc., LLC, No. 08–CV–2764, 2008 WL 2965435, at *2 (E.D.N.Y. Aug.1, 2008) (citing cases).  The only way that a public housing tenant can invoke federal jurisdiction is if the eviction proceeding deprived him of due process of law.  See Oliver v. New York City Housing Authority, 2011 WL 839110 (E.D.N.Y. March 2, 2011).  But here, plaintiff has no claim pending for a due process violation as to his eviction proceedings, nor has he told me anything about the state court landlord tenant case (other than the issuance of the eviction warrant), let alone something that would violate his due process rights.  He has made no argument about his due process rights as a tenant at all.

4. The disconnect between plaintiff's motion and the claims raised in the instant case extends to plaintiff's effort to conflate Woo with NYCHA (assuming that is his landlord) and/or the City of New York.   Plaintiff acknowledges that the City of New York was formerly a party to this case.  The claims against it were dismissed.  (So were the claims against ACS).  The Second Circuit affirmed the dismissals.  Yet plaintiff wants me to issue an injunction against an entity that is no longer a party to this case (assuming his landlord is not NYCHA, but the City of New York, or that NYCHA and City of New York are interchangeable just as Woo is interchangeable with either of them).  His justification for that is that the Law Department represented both the City and continues to represent Woo, and they are thus united in interest.

The argument is a non-sequitur.  First, it assumes that the Law Department is representing the landlord in housing court, although plaintiff has shown me nothing to prove that, and my experience is that NYCHA has its own lawyers.  More importantly, the fact that Woo and the City have overlapping interests or use the same lawyers would not make them the same party.  Although the City likely has an indemnification obligation towards Woo that would be triggered if the Court enters a judgment against him in this case, any judgment that plaintiff

obtains will be against Woo, not the City.  If it is not paid, plaintiff will be able to seize Woo's assets, not assets of the City.  I know of no legal doctrine that would allow the merger of distinct entities on which plaintiff's motion is based, certainly not the mere fact of common (if it is common, which I do not think it is) representation.

5.  Aside from these significant substantive failings in the motion, it is procedurally defective as well.  First, it is supported by only a brief.  I have not seen a motion in a represented case for a preliminary injunction that has neither affidavits nor exhibits until now.[3]  Plaintiff apparently wants me to assume that the facts stated in his brief are true.  That might be possible if they were not so broad and conclusory.  There is neither a description of the events in landlord tenant court nor a copy of the eviction warrant that plaintiff wants to enjoin, let alone the holdover or nonpayment petition, answer, and ruling that led to it.  There is no copy of the lease. There is no affidavit from plaintiff averring that he has complied with the terms of the lease and explaining why the landlord tenant court erred in issuing its warrant of eviction.

Indeed, I am not even sure who is seeking this relief.  As indicated at the outset of this decision, the motion states that it is being filed on behalf of *all* plaintiffs by Brian King, Esq. But as the Court knows from the prior proceedings, including the trial, Mr. King does not represent all plaintiffs.  He only represents the father.  The Order granting him pro hac vice admission is limited to representation of the father.  The now-adult plaintiffs are separately represented by another lawyer, so the Court cannot be sure if they are seeking this relief.

This issue is not just one of form.  Presumably, only the tenant on the lease has standing to stay execution of the eviction warrant, but plaintiff has not told me who that is.  Plaintiff has

---

[3] Even when plaintiff brought his *pro se* action before Judge Townes, he knew to move by Order to Show Cause, not notice of motion, and to include affidavits and exhibits relating to the landlord tenant court proceedings.  Not only did his lawyer not know to do that in this instant case, but he arbitrarily included a return date in his notice of motion without checking with Chambers to see if that date was available.

confused the movants on this motion just as much as he has confused the identity of the party to be enjoined.

The issuance of injunctive relief, an extraordinary remedy, on the showing that plaintiff has made is not permissible under any legal theory.  There is no need for a hearing, as motions for preliminary injunctions are "frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65.'" 11A C. Wright & A. Miller, Fed. Practice & Proc., § 2949 (2004).  Here, there are no affidavits or any other evidence at all.  See also McGillicuddy v. Laidlaw, Adams & Peck, Inc., No. 88 Civ. 4928, 1995 WL 1081307, at *12, n. 19 (S.D.N.Y. Aug.14, 1995) (summarily denying an application for preliminary injunctive relief where the movant's papers failed to demonstrate a basis for granting "this extraordinary remedy").

The motion is denied for the reasons set forth above.

**SO ORDERED.**


_____
                                   U.S.D.J.

Dated: Brooklyn, New York
          October 3, 2013

6